UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANITA WYLIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-03652-TWP-DLP |
| | ) | |
| BROOKDALE SENIOR LIVING, INC., and | ) | |
| ROBIN RUN RETIREMENT VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on *pro se* Plaintiff Anita Wylie's ("Wylie") Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative, Motion for Summary Judgment under Rule 56 (Filing No. 12). After a longstanding dispute regarding financial obligations owed on real property that she acquired following her mothers death, Wylie filed a Complaint for Declaratory Judgment and Actual Compensatory and Punitive Damages. (Filing No. 1-1 at 5.) She asserts claims against Defendants Brookdale Senior Living, Inc. and Robin Run Retirement Village[1] ("Robin Run") (collectively, "Brookdale") for "Restraint of Plaintiff's Property Rights," intentional infliction of emotional distress, and punitive damages. Soon after Brookdale answered Wylie's Complaint, Wylie filed the instant Motion seeking judgment on the pleadings or alternatively summary judgment. For the following reasons, the Court **denies** Wylie's Motion.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the

---

[1] Robin Run notes that its correct name is CCRC OPCO-Robin Run, LLC. (Filing No. 14.)

complaint and draws all inferences in favor of Brookdale as the non-moving party. *See Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Robin Run is a senior living retirement community located in Indianapolis, Indiana. Wylie resides at 5408 Unity Trail, which is within the Robin Run retirement community (Filing No. 1-1 at 5; Filing No. 9 at 1–2). Wylie's residence was previously owned in fee simple by her mother. Following her mother's death in 2011, the deed to the residence was transferred from Wylie's mother to Wylie (Filing No. 1-1 at 5–6, 19–21). Transfer of the deed was subject to a First Amended and Restated Indenture of Restrictions of Robin Run Village ("Indenture of Restrictions") and an Amendment to and Spreader of Indenture of Restrictions of Robin Run Village ("Amendment to Indenture") (Filing No. 1-1 at 19, 23; Filing No. 9 at 13; Filing No. 9-1; Filing No. 9-2).

Under the terms of the Indenture of Restrictions, Robin Run assessed and charged a monthly fee against the owner of 5408 Unity Trail (Filing No. 9 at 13; Filing No. 9-1). The Indenture of Restrictions allowed Robin Run to charge the monthly service fee whether or not the property was occupied or leased (Filing No. 9-1 at 15). The Indenture of Restrictions was applied to "[a]ll persons, firms, corporations, or other entities who now or shall hereafter acquire any interest in any portion of the Property." *Id.* at 8. Wylie knew there was a fee associated with owning the residence in Robin Run (Filing No. 12 at 2), and she understood that Robin Run assessed a monthly fee even when a home was empty (Filing No. 1-1 at 6).

At the time that the deed to the residence at 5408 Unity Trail was transferred to her from her mother, Wylie already owned a condominium in Indianapolis, so she attempted to sell the residence at Robin Run. *Id.* She contacted Robin Run to ask whether it was interested in acquiring the residence, but it was not interested. As of August 2011, the residence sat vacant and was then on the market for approximately one year. *Id.* at 7. Wylie could not afford to make payments on

both her condominium and the Robin Run residence, so she stopped making payments to Robin Run. Wylie eventually moved into the Robin Run residence in August 2012 and tried to rent out or sell her condominium. *Id.* at 7–8. Robin Run continued to assess the monthly fee and send invoices to Wylie based on her ownership of the residence; however, Wylie did not pay the monthly invoices from November 2011 through January 2014 or after January 2015 ([Filing No. 9 at 14](#)).

Because she was unable to sell the Robin Run residence and she faced a growing outstanding monthly service fee, Wylie initiated this lawsuit on October 23, 2018, in the Marion Superior Court. The Complaint asserts claims against Brookdale for "Restraint of Plaintiff's Property Rights," intentional infliction of emotional distress, and punitive damages ([Filing No. 1-1 at 5](#)–18). Brookdale removed the case from state court to this Court on November 21, 2018, based on federal diversity jurisdiction ([Filing No. 1](#)). On January 2, 2019, Brookdale filed an Amended Answer and Counterclaim ([Filing No. 9](#)). Brookdale's Counterclaim asserts a claim against Wylie for breach of contract (the Indenture of Restrictions) based on Wylie's failure to pay the monthly service fee. *Id.* at 12–14. On February 25, 2019, without first filing a responsive pleading to Brookdale's Counterclaim, Wylie filed the instant Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment ([Filing No. 12](#)). On March 29, 2019 Wylie filed a one page untitled document which has been docketed as "Response to Counterclaim" ([Filing No. 20](#).)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer, and the pleadings are closed. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One,* 91 F.3d 45, 46 (7th Cir.

1996). The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (*quoting R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

> Where the plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support its position. Judgment may be granted on the pleadings only if all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.

*Maloy v. Stucky, Lauer & Young*, 2018 U.S. Dist. LEXIS 58084, at *4 (N.D. Ind. Apr. 5, 2018) (internal citations and quotation marks omitted).

4

Wiley is proceeding *pro se*. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[2] However,

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

> [E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. We will not do his research for him.

*Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (citations and quotation marks omitted).

### III.  DISCUSSION

Wylie asks the Court to enter judgment on the pleadings under Rule 12(c) or alternatively for summary judgment under Rule 56. Specifically, she "asks this Court for an expedited process in this case. . . . Plaintiff has pressing medical needs that must be addressed sooner than later." ([Filing No. 12 at 4](#).) The Court will first address the alternative request for summary judgment before turning to the request for judgment on the pleadings.

**A.  Summary Judgment**

In her haste to secure a resolution in this case, Wylie failed to comply with numerous procedural requirements to obtain summary judgment. A motion for summary judgment must be

---

[2] The Court notes that, according to public records, *pro se* Plaintiff Anita Wylie was licensed to practice law until June 2013. *See* https://courtapps.in.gov/rollofattorneys/Search/Detail/371ecc5f-ffb6-e011-9d34-02215e942453 (last accessed April 16, 2019).

accompanied by a supporting brief. Local Rule 7-1(b)(3); Local Rule 56-1(a). The party seeking summary judgment must file any evidence that is not already in the record that the party relies on to support the motion. Local Rule 56-1(a). "The brief must include a section labeled 'Statement of Material Facts Not in Dispute' containing the facts: (1) that are potentially determinative of the motion; and (2) as to which the movant contends there is no genuine issue." *Id.* "A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." Local Rule 56-1(e). Wylie has failed to comply with each of these requirements. She did not file a supporting brief. She did not designate evidence in support of summary judgment. She did not provide a "Statement of Material Facts Not in Dispute," and she did not support her factual assertions with citations to evidence. For these reasons, Wylie's alternative request for summary judgment is unavailing.

Moreover, Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). Wylie has not provided legal arguments supported by pertinent legal authority showing that she is entitled to judgment as a matter of law. The only materials considered by the Court—the pleadings and the documents attached to and made part of the pleadings—indicate that the parties dispute numerous material facts. Thus, summary judgment would not be appropriate at this stage. The Court emphasizes that it **denies** Wylie's alternative request for summary judgment as being premature and procedurally improper; accordingly, the Court is not converting the Motion into a Rule 56 summary judgment motion.

B.     **Judgment on the Pleadings**

In her Motion for Judgment on the Pleadings, Wylie states that she "is dismissing her Counts for the Intentional Infliction of Emotional Distress and Punitive Damages." (Filing No. 12 at 4.) She explains that "[t]hese counts would consume too much time and money to be useful to Plaintiff as this point." *Id.* Because Brookdale already filed its Answer to these claims, Brookdale asserted in its response brief that it "stipulate[s] to the dismissal of such claims". (Filing No. 14 at 10.) *See* Fed. R. Civ. P. 41(a). In light of Wylie's voluntary dismissal and Brookdale's stipulation to such dismissal, the Court finds that dismissal of the claims for intentional infliction of emotional distress and punitive damages is proper and these claims are **dismissed**.

Concerning Wylie's remaining claim for "Restraint of Plaintiff's Property Rights," Brookdale asserts that judgment on the pleadings is not appropriate because the pleadings are not yet closed; thus, Wylie's Motion is premature. On January 2, 2019, Brookdale filed its Amended Answer and Counterclaim, seeking damages for Wylie's breach of the Indenture of Restrictions based on her failure to pay the monthly service fee (*see* Filing No. 9 at 12–14). Brookdale notes that Wylie failed to respond to the Counterclaim, and instead, she filed the instant Motion for Judgment on the Pleadings. "In a case such as this when, in addition to an answer, a counterclaim is pleaded, the pleadings are closed when the plaintiff serves his reply." *Flora v. Home Fed. Sav. & Loan Asso.*, 685 F.2d 209, 211 n.4 (7th Cir. 1982). Brookdale asserts that because Wylie did respond to the Counterclaim before filing her Motion, the pleadings are not closed, and Wylie's Motion cannot properly be brought or considered pursuant to Rule 12(c).

Wylie did not reply to Brookdale's argument, which the Court determines is well-taken based on case law, the Federal Rules of Civil Procedure, and the procedural posture of this case. Because Wylie filed her Motion for Judgment on the Pleadings before filing a responsive pleading

to the Counterclaim and before the pleadings were closed, the Motion is premature and, on this basis, can be denied.

Even if the Motion were timely, a judgment on the pleadings is not warranted considering the substance of the Complaint and Amended Answer. It does not appear beyond doubt that Brookdale cannot prove facts sufficient to support its position. All of the material allegations of fact have not been admitted (or not controverted) in the pleadings, and thus, factual disputes remain, leaving more than just questions of law to be decided by the Court. *See Maloy v. Stucky, Lauer & Young*, 2018 U.S. Dist. LEXIS 58084, at \*4. Because Brookdale denies many of the material allegations in the Complaint, liability cannot be established based upon the pleadings alone. Therefore, for this additional reason, the Court **denies** Wylie's Motion for Judgment on the Pleadings.

**C.     Other Matters**

Also pending is Brookdale's Motion for Leave to File Amended Designation of Evidence ([Filing No. 19](#)) in support of its Supplemental Brief in Opposition to Plaintiff's Alternative Motion for Summary Judgment. With leave of Court, Brookdale filed designated evidence and a supplemental brief in opposition to Wylie's alternative request for summary judgment in the event that the Court converted Wylie's Motion into a Rule 56 summary judgment motion ([Filing No. 17](#); [Filing No. 18](#)). Brookdale then filed a "Motion for Leave to File Amended Designation of Evidence" because it inadvertently omitted an attachment referenced in the designated affidavit ([Filing No. 19](#)). The Court **grants** Brookdale's Motion and deems the omitted exhibit as being filed. However, in light of the Court's determination to not treat Wylie's Motion as a motion for summary judgment, the Court did not consider the evidence when ruling upon the Motion for Judgment on the Pleadings.

As a final matter, the Court notes that on March 29, 2019, Wylie filed a document titled "Response to Counterclaim". (Filing No. 20.) This document is a one-page excerpt from the Court's Order at Docket No. 16 with Wylie's handwritten comment, "Being unable to use my printer—it's broken—I 'Respond to Defendant's Counterclaim.'" *Id*. Wylie's handwritten response states,

> I am willing to pay them (Brookdale) $10.00/wk for "services for Pauline Wylie" in that they do mow my postage stamp sized lawn once a week when needed & clean sidewalks & garages of snow, so say $10.00/wk[,] 10 months lawn care 300 days[,] 2 months snow removal 65 days[,] $3,650[.]

*Id*. This response does not comply with the Federal Rules of Civil Procedure for filing a responsive pleading to a counterclaim. Rule 8(b)(1) directs, "In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." The document at Filing No. 20 cannot be considered an answer or otherwise a response to the Counterclaim. Wylie shall have **thirty (30) days** from the date of this Order to file a responsive pleading to Brookdale's Counterclaim (Filing No. 9 at 12–14), that complies with the Federal Rules of Civil Procedure.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** pro se Plaintiff Anita Wylie's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (Filing No. 12). Pursuant to Wylie's voluntary dismissal and Brookdale's stipulation to such dismissal, Wylie's claims for intentional infliction of emotional distress and punitive damages are **dismissed without prejudice** under Federal Rule of Civil Procedure 41(a). This litigation may proceed on Wylie's claim for "Restraint of Plaintiff's Property Rights".

Additionally, the Court **GRANTS** Brookdale's Motion for Leave to File Amended Designation of Evidence (Filing No. 19). Further, if Wylie would like to file a pleading in response

to Brookdale's Counterclaim, she is ordered to file a responsive pleading that complies with the Federal Rules of Civil Procedure within **thirty (30) days** of the date of this Entry.

    **SO ORDERED.**

Date: 4/18/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Anita Wylie
5408 Unity Trail
Indianapolis, Indiana 46268

Adrienne Nicole Pope
KIGHTLINGER & GRAY LLP
apope@k-glaw.com

Erin A. Clancy
KIGHTLINGER & GRAY LLP
eclancy@k-glaw.com