UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANITA WYLIE, ) | |
| ) | |
| Plaintiff/Counter-Defendant ) | |
| ) | |
| v. ) | Case No. 1:18-cv-03652-TWP-DLP |
| ) | |
| BROOKDALE SENIOR LIVING, INC. and ) | |
| ROBIN RUN RETIREMENT VILLAGE, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| CCRC OPCO ROBIN RUN, LLC ) | |
| ) | |
| Counterclaimant ) | |
| ) | |
| v. ) | |
| ) | |
| ANITA WYLIE, ) | |
| ) | |
| Counter-Defendant. ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Dkt. 30) and Defendant Brookdale Senior Living Inc. and Robin Run Retirement Village's ("Brookdale"), and Counterclaimant CCRC OPCO Robin Run, LLC's ("Robin Run") (collectively the "Defendants") Submission in Response to Magistrate Judge's Recommendation (Dkt. 32), in which they object to the Magistrate Judge's Report and Recommendation. For the reasons stated below the Magistrate Judge's Report and Recommendation is **adopted**.

## I. BACKGROUND

The procedural background in this case is uncontested. After a longstanding dispute regarding financial obligations owed on real property that she acquired following her mother's

death, Ms. Wylie initiated this action in Marion Superior Court against Defendants/Counterclaimants Brookdale Senior Living, Inc. and CCRC OpCo-Robin Run, LLC's. In her Complaint, Ms. Wylie requested declaratory judgment and actual, compensatory and punitive damages against the Defendants. (Dkt.. 1-1.) The Defendants removed the case to this Court on November 21, 2018.

On January 2, 2019, the Defendants filed an Amended Answer to the Complaint which included a Counterclaim against Ms. Wylie. (Dkt. 9.) The Counterclaim alleged that Ms. Wylie breached the Indenture of Restrictions contract that required the owner of 5408 Unity Lane, Indianapolis, Indiana, to pay, among other requirements, a monthly service fee. *Id*. at 13.

An Initial Pretrial Conference was held on February 5, 2019 and the parties appeared in person. (Dkt. 10.) During the Initial Pretrial Conference, a scheduling order was discussed and agreed upon. The agreed upon scheduling order was filed on February 5, 2019. (Dkt. 11.)

On April 18, 2019, the Court denied Ms. Wylie's Motion for Judgment on the Pleading, or in the Alternative, Motion for Summary Judgment, dismissed her claims for emotional distress and punitive damages, and allowed Ms. Wylie to proceed on her claim of Restraint of Plaintiff's Property Rights. (Dkt. 21 at 9.)

A telephonic status conference before the Magistrate Judge was scheduled for May 22, 2019. Counsel for the Defendant appeared by telephone, but Ms. Wylie failed to call in as directed. The Court issued an Order to Show Cause to Ms. Wylie. (Dkt. 24.) She was ordered to show cause in person at a hearing scheduled for June 28, 2019 as to why she failed to appear for the May 22, 2019 telephonic status conference. The Order explicitly warned Ms. Wylie that failure to obey an order to provide or permit discovery "may result in sanctions, up to and including

case dismissal." (Dkt. 23.) Ms. Wylie failed to appear in person as required, for the show cause hearing.

On June 28, 2019, at approximately 10:30 a.m., the Court received a telephone call from Ms. Wylie stating she would not be attending the show cause hearing due to the heat. Chamber's staff repeatedly advised Ms. Wylie that there was a court order that required her to appear in court. Despite the warning, for a second time Ms. Wylie violated the Court's orders by failing to appear, even in the face of an explicit warning that failure to appear could result in dismissal. Because of her failures to comply with the Court's orders, the Magistrate Judge recommends that Ms. Wylie's Complaint be **dismissed without prejudice**. (Dkt. 30.) The Report and Recommendation instructs as follows:

> Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

*Id*. at 3. The Brookdale Defendants filed a timely Submission in Response to the Magistrate Judge's Recommendation seeking a single modification, that the dismissal be with prejudice as a sanction for Ms. Wylie's numerous failures to comply. (Dkt. 32.) Ms. Wylie did not file any opposition to the Report and Recommendation.

## II. LEGAL STANDARD

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes

3

the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the commissioner's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusion to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. Further, if a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, the party waives appellate review of the issues to which the party has not objected. *Johnson*, 170 F.3d at 739.

### III. DISCUSSION

The Magistrate Judge recommends that Ms. Wylie's Complaint, be dismissed without prejudice. In numerous orders, the Court warned Ms. Wylie of the consequences of not participating in the litigation, including the risk of dismissal. Indeed, the Magistrate Judge's Minute Entry for May 21, 2019 was clear in explaining that sanctions would be imposed if Ms. Wylie did not comply with court orders and demonstrate full compliance with discovery obligations: "Rule 37(b)(2) provides that the Court may issue a variety of sanctions for failure to "obey an order to provide or permit discovery," including "dismissing the action or proceeding in

whole." Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41(b) explains that "a defendant may move to dismiss the action or any claim against it" where a "plaintiff fails to prosecute or to comply with … a court order." Fed. R. Civ. P. 41(b). ([Dkt.. 23 at 2](Dkt.. 23 at 2).) Ms. Wylie also had sufficient opportunity to address her failure to call in and failure to respond to the Counterclaim at the show cause hearing, yet she chose to not appear or call the Court or otherwise respond, until default had been entered. The Magistrate Judge determined that Ms. Wylie willfully ignored the pending litigation, which was prejudicial to the Brookdale Defendants' ability to proceed in the efficient prosecution of its case and prejudicial to the Court's orderly administration of its docket, and recommends that the Court dismiss Ms. Wylie's Complaint, without prejudice.

As noted above, Ms. Wylie has not objected to the Magistrate Judge's Recommendation and the time to do so has expired. Defendants on the other hand, agree to the dismissal; however, they ask that it be with prejudice. The Defendants assert that Ms. Wylie's "continual failures to comply with even the most fundamental Federal Rules and Court's orders in this case have caused Brookdale Defendants to continually incur related costs and expenses". Dkt. 32 at 4. They note that Ms. Wylie has failed to answer Defendants' counterclaim, failed to comply with substantive and procedural requirements, and failed to respond to Brookdale Defendants' discovery requests despite informal attempt at resolution by Brookdale Defendants, necessitating a Motion to Compel. Finally, they note that Ms. Wylie failed to appear at a Court ordered show cause hearing despite warnings from this Court as to the consequences. Defendants argue that all of Ms. Wylie's failures, have prejudiced them and lack any justifiable excuse – particularly considering this matter was a prosecution elected and initiated by Ms. Wylie.

Defendants' arguments are well taken. The Seventh Circuit has repeatedly held that even *pro se* litigants must follow procedural rules, see *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir.2008). However, to dismiss a case as a sanction for discovery abuse the court must find that the party's actions displayed willfulness, bad faith, or fault and the sanction imposed must be proportionate to the circumstances. *Maynard v. Nygren*, 372 F.3d 890, 892-93 (7th Cir.2004); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). Moreover, Ms. Wylie has attributed several of her compliance failures and failure to appear in person to a physical injury and illness. Although there is a "clear record of delay or contumacious conduct," there have been no prior failed sanctions and although she has been negligent and obstinate, there is no evidence of bad faith. The Magistrate Judge's choice of dismissal without prejudice is reasonable given the circumstances of this case.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. 30) and Ms. Wylie's Complaint is **dismissed without prejudice**. Any further failures by Ms. Wylie to comply with the Court's orders will likely warrant the sanction of dismissal with prejudice.

**SO ORDERED.**

Date: 11/22/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Anita Wylie
5408 Unity Trail
Indianapolis, Indiana   46268

Adrienne N. Pope
KIGHLINGER & GRAY LLP
apope@k-glaw.com

Erin A. Clancy
KIGHLINGER & GRAY LLP
eclancy@k-glaw.com