UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANITA WYLIE, | ) |
| Plaintiff/Counter-Defendant | ) |
| v. | ) Case No. 1:18-cv-03652-TWP-DLP |
| BROOKDALE SENIOR LIVING, INC. and ROBIN RUN RETIREMENT VILLAGE, | ) |
| Defendants. | ) |
| CCRC OPCO ROBIN RUN, LLC | ) |
| Counterclaimant | ) |
| v. | ) |
| ANITA WYLIE, | ) |
| Counter-Defendant. | ) |

### ENTRY DENYING PLAINTIFF'S MOTION TO SET ASIDE CLERK'S DEFAULT JUDGMENT

This matter is before the Court on Plaintiff/Counter-Defendant Anita Wylie's ("Ms. Wylie") *pro se* Motion to Set Aside Default Judgment (Dkt. 31). For the reasons stated below, the motion to set aside default judgment is **denied**.

### I. BACKGROUND

As noted in other entries in this case, the procedural background is uncontested. After a longstanding dispute regarding financial obligations owed on real property that she acquired following her mother's death, Ms. Wylie initiated this action in Marion Superior Court against Defendants/Counterclaimants Brookdale Senior Living, Inc. ("Brookdale") and CCRC OpCo-Robin Run, LLC's ("Robin Run") (collectively, the "Defendants"). In her Complaint, Ms. Wylie

requested declaratory judgment and actual, compensatory and punitive damages against the Defendants. (Dkt. 1-1.) On January 2, 2019, the Defendants filed an Amended Answer to the Complaint which included a Counterclaim against Ms. Wylie. (Dkt. 9.) The Counterclaim alleged that Ms. Wylie breached the Indenture of Restrictions contract that required the owner of 5408 Unity Lane, Indianapolis, Indiana, to pay a monthly service fee. *Id*. at 15.

An initial pretrial conference was held on February 5, 2019, and the parties appeared in person. (Dkt. 10.) During the initial pretrial conference, a scheduling order was discussed and agreed upon. The agreed upon Scheduling Order was filed on February 5, 2019. (Dkt. 11.) On March 29, 2019, in an attempt to file an Answer to the counterclaim, Ms. Wyle filed a document titled Response to Counterclaim in which she hand wrote:

> Being unable to use my printer-it's broken-I "Respond to Defendant's [sic] Counterclaim" I am willing to pay them (Brookdale) $10.00/wk for "services for Pauline Wylie" in that they do mow my postage stamp sized lawn once a week when needed & clean sidewalks and garages of snow, so [sic] say $10.00/wk 10 months lawn care 300 days, 2 months snow removal 65 days $3,650.

(Dkt. 20.) On April 18, 2019, the Court informed Ms. Wylie that her *pro se* proposed "Response to Counterclaim" did not comply with the Federal Rules of Civil Procedure and allowed Ms. Wylie thirty (30) days from the date of the Entry, or until May 18, 2019, to file a responsive pleading. (Dkt. 21.) To date, Ms. Wylie has failed to answer or otherwise file a responsive pleading to the Counterclaim.

On May 21, 2019, the Defendants filed a Motion for Clerk's Entry of Default against Ms. Wylie in the amount of $56,626.95 (Dkt. 22). That Motion was granted in part and denied in part. A Clerk's default was entered on the Defendants' Counterclaim; however, the Court determined that Defendants were not entitled to a default judgment for a sum certain. (Dkt. 25.) The Clerk's

Entry of default on the Counterclaim was entered on June 19, 2019. (Dkt. 26.) On July 5, 2019, sixteen days later, Ms. Wylie filed a Motion to Set Aside Default Judgment (Dkt. 31).

## II. LEGAL STANDARDS

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Federal Rule of Civil Procedure 55(c). Because the Court did not enter a final default judgment, the Rule 55(c) "good cause" standard applies. This Court has broad discretion to set aside a default entry for good cause. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Id.* "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." *Id.* at 631 (internal citation and quotation marks omitted).

## III. DISCUSSION

In support of her Motion to Set Aside the Clerk's entry of default, Ms. Wylie explains that she broke two (2) ribs on April 12, 2019, was bedridden for six weeks, she forgot about the May 21, 2019 status conference, and she was unable to appear for the June 28, 2019 show cause hearing due to the high dew point which threatened her breathing. *See* Dkt. 31. Although Ms. Wylie does not explicitly address her failure to file an Answer to the Defendants' Counterclaim, the due date of May 18, 2019 falls during the time period when she was bedridden. She stated that she had "a doctor's appointment on July 10th at which time she can get a medical statement regarding her health," (Dkt. 31 at 1). However, no doctor's statement has ever been submitted to the Court.

The Seventh Circuit has elaborated on what constitutes "good cause," casting it as a process of weighing the equities to each side. *U.S. v. Di Mucci,* 879 F.2d 1488 (7th Cir.1989). Good cause is not equivalent to having a good excuse or showing excusable neglect. *Sims v. EGA Prods., Inc.,* 475 F.3d 865 (7th Cir.2007). Instead, a court must consider the defaulting party's actions (i.e., did they quickly act to correct the problem, do they have meritorious defenses) and the prejudice to each side. *Di Mucci,* 879 F.2d at 1495.

Regarding good cause, the Defendants argue and the Court agrees that Ms. Wiley's explanations of why she missed the May 21, 2019 status conference and the June 28, 2019 show cause hearing, are wholly unrelated to the entry of default judgment and do not satisfy the good cause prong. To the extent that Ms. Wylie was unaware that failure to file a responsive pleading that complied with the Federal Rules of Civil Procedure could result in a default judgment, that argument fails. The Court concludes that "not knowing the consequence" for failing to participate in required proceedings and file a responsive pleading does not constitute good cause to ignore required procedures or to not suffer the consequences for choosing not to participate. Despite her unfortunate medical circumstances and broken printer, Ms. Wylie could have handwritten and mailed a timely answer to the counterclaim. *Pro se* litigants are not automatically entitled to more lenient treatment in determining whether good cause exists for lifting of entry of default. The Seventh Circuit has held that a litigant "bears the consequences of errors by its chosen agent." *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 869 (7th Cir.2007). Thus, Ms. Wylie has not shown good cause for her failure to respond to the counterclaim.

Regarding quick action to cure the default, Ms. Wylie moved to set aside the Clerk's entry of default sixteen days after it was entered. While sixteen days generally constitutes quick action

4

to correct an entry, Defendants argue the time line should be taken in context. They argue that they were entitled to apply for default judgment at the earliest on January 23, 2019. Instead of applying for default at that time, Defendants directly informed Ms. Wylie that her answer was overdue. Instead of answering the Counterclaim, Ms. Wylie filed an improper Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment on February 25, 2019. More than one month later, and only *after* Defendants had to incur the expense of formally responding to Ms. Wylie's Motion for Judgment on the Pleadings, which also – once again – pointed out to Ms. Wylie that she had failed to respond to the Counterclaim. Thereafter, on March 29, 2019, Ms. Wylie filed the handwritten response to the Counterclaim, which was deficient in several critical regards and failed to comply with the basic requirements for filing a responsive pleading to a counterclaim. Fed. R. Civ. P. 8(b)(1). The Court gave Ms. Wylie until April 18, 2019 to file the response. As noted earlier, to date, no response has been filed to the Counterclaim. The Court agrees with Defendants that under these circumstances, Ms. Wylie did not act quickly to correct her missteps or the default.

The Court must also consider the merits of Ms. Wylie's defense. Ms. Wylie has offered no evidence that she has a meritorious defense to the Counterclaim. A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Merrill Lynch Mortgage Corp.,* 908 F.2d at 252; *Breuer Elec. Mfg.,* 687 F.2d at 186. Failure to participate in the pretrial process has been held sufficient for entry of default. *Smith v. Chicago Sch. Reform Bd. of Tr.,* 165 F.3d 1142, 1145 (7th Cir.1999) ("many times we have held that failure to participate in the pretrial process, whether

by abandoning the litigation or by obstructing some vital step, permits a court to award summary victory to the other side").

In her attempted response, Ms. Wylie did not deny any of the allegations of the Counterclaim or assert a defense; rather, she made an offer to pay Defendants $3,650.00 in damages. Ms. Wylie has failed to demonstrate that she has a meritorious defense to the entry of the default judgment for willfully failing to file an answer to the Counterclaim that complies with the rules of procedure.

Finally, in weighing the prejudice to each side, the Court agrees with the Defendants that Ms. Wylie's actions and inactions have been prejudicial to the Defendants' ability to proceed in the efficient prosecution of its case and prejudicial to the Court's orderly administration of its docket. Here, the circumstances simply do not justify setting aside the entry of default as to the Defendants Counterclaim. Accordingly, Ms. Wylie's Motion to Set Aside Default Judgment is **denied**.

## IV. CONCLUSION

Because Ms. Wylie has not shown good cause to set aside the default, Ms. Wylie's Motion to Set Aside Default Judgment (Dkt. [31]) is **DENIED**. Pursuant to Fed. R. Civ. Pro. 55(b)(2)[1] an evidentiary hearing on the default judgment and damages will be scheduled in a separate entry.

**SO ORDERED.**

Date: 11/22/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that to enter or effectuate a default judgment, a district court may conduct an evidentiary hearing "…to determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter." *See* Fed.R.Civ.P. 55(b)(2)(B)(C) and (D).

DISTRIBUTION:

Anita Wylie
5408 Unity Trail
Indianapolis, Indiana   46268

Adrienne N. Pope
KIGHLINGER & GRAY LLP
apope@k-glaw.com

Erin A. Clancy
KIGHLINGER & GRAY LLP
eclancy@k-glaw.com